## SMITH v. CAMAS PRARIE RY. CO.

(District Court, D. Idaho, Central Division. August 17, 1914.)

1. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—SUFFICIENCY OF PLEADINGS.

On a motion to remand, a federal court will not inquire into the sufficiency of the plaintiff's pleading.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

2. REMOVAL OF CAUSES (§ 3*)—CAUSES REMOVABLE—ACTION UNDER EMPLOYERS' LIABILITY ACT.

Where the plaintiff in an action in a state court to recover for the death of a railroad employé unequivocably bases the right of recovery on the federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), the cause is not removable whether or not the facts alleged are sufficient to state a cause of action under such act.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

At Law. Action by Elizabeth Smith as administratrix of the Estate of Charles H. Smith, deceased, against the Camas Prarie Railway Company. On motion to remand to state court. Motion granted.

Alex Kasberg, of Lewiston, Idaho, and Samuel T. Crane and F. A. McMaster, both of Spokane, Wash., for plaintiff.

Cannon, Ferris & Swan, of Spokane, Wash., and James E. Babb, of Lewiston, Idaho, for defendant.

DIETRICH, District Judge. The action was brought by the plaintiff as administratrix to recover damages from the defendant railroad company for the death of Charles H. Smith, who was run over and

·killed by one of the defendant's trains at Lewiston, Idaho, on the 17th day of November, 1913. Upon petition of the defendant, it was brought here from the state district court, where it was originally commenced, and the plaintiff now moves that it be remanded. Defendant concedes that if it is a case arising under the federal Employers' Liability Act of 1908, as amended, it should be remanded.

The showing made by the complaint is that at the time of the accident the defendant owned and was operating a line of railroad running between the city of Riparia, in the state of Washington, and the city of Grangeville, in the state of Idaho, and that Smith was in its employ as a member of a bridge gang. There is no question of the interstate character of the railroad, or of the business carried on by the defendant, or of the train by which Smith was killed. Nor, as I understand, does the defendant dispute that Smith's general employment as bridge carpenter was in interstate commerce. The ground upon which it is sought to base the right of removal is that, at the exact time of the accident, Smith was not so employed, for the day's work was done, and he was going from the work train in the defendant's yard at Lewiston, to his home in that city, for a purpose not shown to have had any relation to his employment. The allegation in that respect is that:

"On the 17th day of November, 1913, the said crew of men (the bridge gang), after they had finished their day's work, prepared and ate their evening meal in said car in the yards of the defendant at Lewiston, Idaho, and after the supper was over the said Charles H. Smith left the car, about 6:15 p. m. on said date, and after dark started for his home in the city of Lewiston, taking the most direct and usual way of travel," etc.

It is further alleged in terms that at the time of the accident Smith was employed in interstate commerce, and also that the plaintiff, as administratrix, prosecutes the action under the federal act. It is not controverted that, to bring a case within the terms of this act, the "defendant must have been, at the time of the occurrence in question, engaged as a common carrier in interstate commerce, and plaintiff's intestate must have been employed by said carrier in such commerce." North Carolina Railroad Co. v. Zachary, 232 U. S. 248, 256, 34 Sup. Ct. 305, 307 (58 L. Ed. 591). Nor is it to be doubted that if these facts appear the act is exclusive, and the rights and liabilities of the parties are referable to it alone. North Carolina Railroad Co. v. Zachary, supra; Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417.

[1] The plaintiff urges that the cause of action as stated falls within the terms of the act, but further contends that, even if the complaint be held to be defective, it appearing that she intends and attempts to assert such cause of action, the sufficiency of the pleading cannot be inquired into upon a motion to remand. Hax et al. v. Caspar (C. C.) 31 Fed. 499. Counsel for the defendant concede that as a general rule the federal courts will not, on a motion to remand, determine whether the complaint shows a cause of action, but still it is apparent that their entire argument in support of their right to remove is that the facts stated in the complaint are insufficient

to constitute a cause of action under the act. It seems to be thought that an exception to the general rule should be recognized because,. so it is contended, the plaintiff may, in the progress of the case, if it remains in the state court, seek a recovery under the state statute, should she fail to establish a cause of action under the federal act. But the fact is that she has unequivocally alleged that she is suing upon the right given her by the federal act, and by this declaration she is bound. Surely with the complaint as it now stands no court would require the defendant to anticipate and plead, or prepare its defense, against a cause of action arising under the state laws. The possible defenses are in certain important particulars dissimilar. In the one case the assumption of risk by the decedent must be pleaded, if relied upon as a defense. In the other, such a plea would be stricken out as wholly immaterial. 35 U. S. Stat. L. 65. For this reason, if for no other, it is clear that a plaintiff cannot be permitted to hold out that the cause of action is one under the federal act and during the course of the trial abandon this position and wage a claim of a substantially different character; at least this could not be done without an appropriate amendment to the pleading. If we here assume, without deciding, that under the rules of procedure prevailing in the Idaho state courts the granting of permission to make such an amendment is within the discretion of the court, the defendant could not be prejudiced, for immediately upon a change of the plaintiff's position as disclosed by such an amendment the right of removal would accrue. Powers v. Chesapeake & O. R. R. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Remington v. Central Pacific Ry. Co., 198 U. S. 98, 25 Sup. Ct. 577, 49 L. Ed. 959; Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 Sup. Ct. 366, 53 L. Ed. 551. It is therefore thought that no substantial reason exists for making an exception to the general rule that on a motion to remand the courts will not inquire into the sufficiency of the pleading.

[2] By the federal act jurisdiction to adjudicate causes of action arising thereunder is conferred upon the state courts concurrently with the federal courts, and the defendant is denied the right of removal from one to the other. In good faith the plaintiff here went into the state court, unequivocally declaring that she sought a recovery under the act. It may be a fair question whether in her pleading she states facts sufficient to entitle her to recover, but, having the right to select the tribunal to which she would submit her claim, she should have this question, as well as all others, decided by the court whose jurisdiction she has invoked.

The motion is allowed.