FRAZIER v. HINES, Director General of Railroads.

(District Court, E. D. South Carolina. May 30, 1919.)

No. 142.

1. REMOVAL OF CAUSES ⟾89(1)—EFFECT OF REFUSAL BY STATE COURT.

Where a cause is removable, it is removed by the mere filing of the bond and petition in the state court, even though the state court may refuse to grant an order of removal, and the application to the state court for an order of removal is a mere matter of comity or courtesy.

2. REMOVAL OF CAUSES ⟾89(2)—SUFFICIENCY OF NOTICE OF PETITION AND BOND.

In view of Judicial Code, § 29 (Comp. St. § 1011), requiring written notice of the petition and bond for removal to be given the adverse parties prior to the filing of the same, no notice need be given the state court.

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. REMOVAL OF CAUSES ☞107(6)—AMENDMENT TO PETITIONS.

An amendment to a petition for removal may be permitted by the federal court, where the amendment is one to cure technical defects, or to merely amplify the allegations of the petition.

4. REMOVAL OF CAUSES ☞97—DETERMINATION OF FACT ISSUES FOR THE FEDERAL COURT.

When the right of removal depends upon the existence of controverted facts, they must be determined by the federal court, and in such case it is the duty of the state court to defer all action until such fact issue has been passed on by the federal tribunal.

5. COURTS ☞508(8)—AFTER REMOVAL TO FEDERAL COURT PROCEEDINGS IN STATE COURT ENJOINED.

After a case has been adjudged by the federal court to have been properly removed, or where the question of removal depends on fact questions to be determined solely in that court, the federal court may protect its jurisdiction by enjoining any further proceedings in the state court.

6. REMOVAL OF CAUSES ☞107(6)—CAUSE ONE BETWEEN CITIZENS OF DIFFERENT STATES.

Though the complaint in an action against the Director General of Railroads alleged facts bringing the case within the federal Employers' Liability Act, the cause was removed to the federal court on the ground that the parties were citizens of different states, *held* that, where the petition for removal did not allege fraudulent purpose in any of the allegations of the complaint to defeat removal, a proposed amendment setting up that plaintiff was not an employé of defendant, and therefore that the action did not fall within the federal Employers' Liability Act (Comp. St. §§ 8657–8665), which would preclude removal, must be denied.

7. REMOVAL OF CAUSES ☞3—ACTIONS UNDER FEDERAL EMPLOYERS' LIABILITY ACT.

An action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), though between citizens of different states, is not removable from state to federal court.

8. MASTER AND SERVANT ☞86—FEDERAL EMPLOYERS' LIABILITY ACT APPLICABLE ONLY TO INTERSTATE COMMERCE.

For a case to come within the scope of the federal Employers' Liability Act (Comp. St. §§ 8657–8665), two things must concur: First, the common carrier by railroad must be engaged in interstate commerce; and, second, the injury must be suffered by the employé while engaged in such commerce.

9. COMMERCE ☞8(6)—FEDERAL EMPLOYERS' LIABILITY ACT EXCLUSIVE WHEN APPLICABLE.

Where the facts bring the case within the federal Employers' Liability Act (Comp. St. §§ 8657–8665), the statute is exclusive, and the rights and remedies of the parties are referable to it alone; hence though a complaint did not specially rely on the act, such statute will govern, where the facts alleged showed that it was applicable.

10. COMMERCE ☞27(8)—APPLICATION OF FEDERAL EMPLOYERS' LIABILITY ACT.

An employé, engaged in maintaining in proper condition the tracks used by a railroad company for interstate trains, comes within the protection of the federal Employers' Liability Act (Comp. St. §§ 8657–8665), even though the tracks were used also for intrastate commerce.

At Law. Action by Wesley Frazier against Walker D. Hines, Director General of Railroads, begun in state court and removed to the federal court. On motion to permit defendant to amend both petition for removal and answer. Motion denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. Klugh Purdy, of Ridgeland, S. C., and Logan & Grace, of Charleston, S. C., for plaintiff.

W. Huger Fitz Simons, of Charleston, S. C., for defendant.

SMITH, District Judge. A motion has been made in this case, after due notice, to permit the defendant to amend both the petition for removal and the answer herein, and counsel on both sides have appeared and been heard.

It appears from the record that the plaintiff, on the 10th day of March, 1919, commenced an action in the court of common pleas for Jasper county, in the state of South Carolina, against the defendant, to recover damages for an alleged personal injury committed by the negligence of the employés of the defendant. Thereafter, and within the time allowed by law, the defendant filed his petition and bond in the state court, for the removal of the cause to this court, on the ground that the action is a controversy between citizens of different states. Thereupon notice was given by the defendant to plaintiff that he had filed his petition and bond for removal, and would apply to the state court for an order removing the cause as provided by law, and an exemplified copy of the record in the state court has been filed in due time in this cause.

The defendant thereafter served and filed in this court his answer to the complaint, and now makes this motion to be allowed to amend both the petition for removal and the answer, by inserting therein an allegation that the plaintiff, Wesley Frazier, on September 27, 1918, at the time of the alleged injury, was not an employé of defendant, but at that time was in the employ of W. Z. Williams Contracting Company, Incorporated. No order has been obtained from the state court removing the cause, nor has any application yet been made to that court for such an order.

[1] The first question suggested is that this court will not consider any motion in the cause until an application has been made to the state court for an order to remove it to this court. Such has been, in a general way, the practice of this court, in removal cases, for many years. The general rule of law, however, is undoubtedly that if the case be a removable one, the mere filing of the bond and petition in the state court removes the case. Traction Co. v. Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; Iowa Cent. Ry. v. Bacon, 236 U. S. 310, 35 Sup. Ct. 357, 59 L. Ed. 591.

It is the duty of the state court to thereupon accept the petition and bond, and proceed no more in the cause. Whether, however, the state court accepts the petition and bond, or whether it grants or denies an order for removal, does not affect the fact of removal. The cause is removed, if it be a removable cause, although the state court may refuse to grant an order of removal. Donovan v. Wells Fargo & Co., 169 Fed. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250; Chesapeake & Ohio Ry. v. McCabe, 213 U. S. 207, 29 Sup. Ct. 420, 53 L. Ed. 765.

Under such rule, the requirement of the submission of the matter to the state court for an order of removal before any action is taken by this court is a mere matter of comity or curtesy, and not a matter of

right; and if the case presented is one in which some action should be taken, and in the opinion of this court it has been properly removed, it is the duty of this court to take action upon the application, whether the state court has granted, or refused an order of removal, or whether or not any application for such an order has actually been made to it.

[2] Further, it is to be observed that the practice requiring application to the state court, and the decisions made thereunder, are very much affected by the requirement of the Judicial Code of 1911, § 29 (Act March 3, 1911, c. 231, 36 Stat. 1095 [Comp. St. § 1011]), which prescribes that written notice of the petition and bond for removal shall be given the adverse party or parties (not the state court) prior to filing the same. This written notice appears to have been given in the present cause, and under the terms of the statute it would not appear that any further notice or application to the state court is required, either as a matter of law or comity, but any proper action in the cause should be taken by this court, without regard to any action of the state court. Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 Fed. 185; Cropsey v. Sun Printing & Publishing Ass'n (D. C.) 215 Fed. 132.

The next question is whether an application of the character now made to amend the petition for removal should be granted. An inspection of the record shows that the amendment sought to the petition is a very substantial one. The theory of the amendment proposed is that the complaint in the state court is brought to obtain a recovery under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. § 8657-8665]), and to obtain the benefit of that act; and the amendment now sought is one to introduce a new allegation of fact in the petition for removal filed in the state court to the effect that the party plaintiff was not an employé of the defendant and therefore not an employé within the terms of the federal statute, and as such not entitled to the benefit of that statute, and the cause of action being between citizens of different states, the action is not within the inhibition of that statute, which forbids the removal from the state court of actions brought under that statute.

This would be an amendment of a substantial character, as interposing an allegation of fact denying an allegation in the complaint, which on the face it is apprehended will defeat a removal. The original petition for removal placed the ground for removal upon the sole fact that the plaintiff and defendant were citizens of different states. This amendment proposes to introduce an allegation of fact which is matter of defense on the merits, to wit, that the plaintiff was not an employé of the defendant, and therefore not entitled to claim the benefit of the federal Employers' Liability Act, and not being entitled to sue in that capacity, the cause could be removed.

[3] The rule as to amendments to petitions for removal is that these amendments may be permitted in this court to a petition filed for removal in the state court, where the amendment is one to cure technical defects or to amplify the allegations of the petition for removal; that is to say, where the amendment does not more than set forth in proper form what has been before imperfectly stated in the petition. Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992;

Kinney v. Columbia Savings & Loan Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103. The rule may be said to be summed up in the case of Southern Pacific Co. v. Stewart, 245 U. S. 359, 38 Sup. Ct. 130, 62 L. Ed. 345, that amendments have been permitted so as to make allegations of the removal petition more accurate and certain, when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated.

[4-6] The amendment as proposed to the petition for removal would affirm the ground stated in the petition for granting the removal, by showing that the cause is not within the terms of the federal statute, by a traverse of the fact alleged in the complaint (if it be therein sufficiently alleged) that the plaintiff was an employé of the defendant.

The defendant's position is that this makes the removability of the cause depend upon a question of fact, which must be determined in this court; and the rule is that, when the right of removal depends upon the existence of certain facts, they must be determined by the federal court, which alone can determine controverted issues of fact on which the right to removal depends. It is the duty of the state court, in such cases, to defer all action until such issues have been passed upon by the federal court. The state court must accept as true all allegations of fact in the petition for removal. Kansas City R. R. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963; Chesapeake & Ohio R. R. v. McCabe, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765; Texas & Pacific Ry. v. Eastin, 214 U. S. 153, 29 Sup. Ct. 564, 53 L. Ed. 946; Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544.

After a case has been adjudged by the federal court to have been properly removed, or where the question of removal may depend upon issues to be determined solely in that court, the federal court may protect its jurisdiction by enjoining any further proceedings in the state court. Traction Co. v. Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544; Chesapeake & Ohio Ry. Co. v. McCabe, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765; Donovan v. Wells Fargo & Co., 169 Fed. 366, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250; Alabama Great Southern Ry. v. American Cotton Oil Co., 229 Fed. 11, 143 C. C. A. 313.

But the issue of fact the proposed amendment seeks to import goes to the merits of the defense as well as to the right of removal. It would amount in effect to this court determining in advance of the trial on the merits before a jury that the plaintiff was not an employé of the defendant, and not entitled to the benefits of the federal Employers' Liability Act.

The very question came up in the case of Southern Railway v. Lloyd, 239 U. S. 496, 36 L. Ed. 210, 60 L. Ed. 402. There the complaint was brought for a recovery under the federal Employers' Liability Act. The defendant sought to remove on the ground of diversity of citizenship, and, to avoid the inhibition of the act against a removal alleged that the plaintiff was not engaged in interstate commerce at

the time of the injury. The Supreme Court held the petition insufficient, for—

"In no case can the right of removal be established by a petition to remove, which amounts simply to a traverse of the facts alleged in the plaintiff's petition, and in that way undertaking to try the merits of a cause of action good upon its face." Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544.

The doctrine here laid down has been approved again in the case of Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 Sup. Ct. 237, 62 L. Ed. 713, where it is held that it is settled:

"That a case arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff, or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant."

With the exception mentioned in all these cases, that where there is a fraudulent purpose to defeat a removal, then upon proper allegations of fact showing that fraudulent purpose duly set forth in the petition, this court can entertain the decision of the issues involved on the question of a fraudulent purpose to defeat removal, and hold the cause removed, if such fraudulent purpose be established. No allegation is made in the petition for removal herein that there was any fraudulent purpose in any of the allegations of the complaint to defeat a removal to this court, and it follows that the application to amend the petition for removal should be and is hereby refused.

[7] The last question is whether the motion to amend the answer should be granted, and that depends upon whether in the opinion of this court the case has been properly removed, and that depends upon whether upon the face of the complaint and the face of the petition, so far as the allegations of fact in the petition for removal can be considered, a removable cause is shown.

The petition for removal sets up in proper form that the action is one between citizens of different states. That would constitute a good and sufficient ground for removal, except that the question here is whether upon the face of the complaint the cause is a removable one under the terms of the federal Employers' Liability Act, even though it may be between citizens of different states. Although an action between citizens of different states, if the complaint shows that it is an action brought under and within the scope of the federal Employers' Liability Act, it would not be removable. Kansas City Southern Ry. v. Leslie, 238 U. S. 599, 35 Sup. Ct. 844, 59 L. Ed. 1478; Southern Ry. Co. v. Lloyd, 239 U. S. 496, 36 Sup. Ct. 210, 60 L. Ed. 402; Great Northern Ry. Co. v. Alexander, 246 U. S. 280, 38 Sup. Ct. 237, 62 L. Ed. 713.

[8] And this reduces the ultimate question to whether or not the ·complaint upon the face of it shows that it is a case brought under and is within the scope of the federal Employers' Liability Act. To come within the scope of that act, two things must concur: First, the of-

fending common carrier, by railroad, at the time of the injury, must be engaged in interstate commerce; second, the injury must be suffered by the employé while employed by such carrier in such commerce., Unless the allegations of the complaint show a case covering both of these requirements, it is not a case brought under the terms of the federal Employers' Liability Act, and would be subject to the ordinary provisions for the removal of causes between citizens of different states. Pederson v. Del., Lack. & West. R. R., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 152; North Carolina R. R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159.

[9, 10] The complaint in this case alleges in article 2 that on September 27, 1918, the plaintiff was an employé of the defendant, working on and repairing the railroad track of the defendant, over which interstate trains operate, and over which interstate commerce is hauled. That is the only allegation in the whole complaint from which arises any inference or implication that it is charged that the defendant was at the time of the injury engaged in interstate commerce, and that at the same time the employé was employed in interstate commerce.

The complaint does not purport to be drawn specially under the Employers' Liability Act; it does not even refer to that statute, nor claim the benefit of it. ᐧ Upon the face of the complaint, it is a complaint at common law to recover damages resulting from the negligence of the defendant, unless the allegations in the second article of the complaint are sufficient to charge the essential ingredients of a right to recovery under the federal Employers' Liability Act, to wit, that at the time of the injury the defendant was engaged in interstate commerce, and at the same time, the plaintiff was employed by the defendant in such commerce. Is the allegation that the plaintiff was working on and repairing the railroad track of the defendant, over which interstate trains operate and interstate commerce is hauled, sufficient to cover both of these requirements?

In the case of Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 Sup. Ct. 237, 62 L. Ed. 713, the complaint alleged specifically that the defendant was an interstate carrier at the time the accident occurred, and that the person injured by the accident was employed by the defendant in interstate commerce at the time. In the case of Smith v. Camas Prairie Ry. Co. (D. C.) 216 Fed. 799, the very question was made here that is now sought to be made by this amendment, that at the time of the accident, the plaintiff was not an employé of the defendant; but in that case the complaint distinctly alleged that at the time of the accident the plaintiff, who was the party injured, was employed in interstate commerce, and that the defendant was engaged as a common carrier in interstate commerce, and it is further alleged that the plaintiff as administratrix prosecuted the action under the federal act.

ᐧ The rule is that, if the facts appear to bring the case under the act, the statute is exclusive, and the rights and liabilities of the parties are referable to it alone, and that, the statute superseding all other remedial provisions, no recovery can be had as in common law. North Caro-

lina R. R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159.

In the case of Pederson v. Del., Lack. & West. R. R., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, it was held that an employé engaged in maintaining tracks in proper condition, after it has become and during its use as an instrumentality of interstate commerce, is engaged in interstate commerce, even if that instrumentality is used in both interstate and intrastate commerce. In Shanks v. Del., Lack. & West. R. R., 239 U. S. 556, 36 Sup. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797, the inference is that one employed in repairing or keeping in usable condition a roadbed then in use for interstate transportation is engaged in interstate commerce. See, also, the decision just rendered by the Supreme Court of the United States in the case of Phil., Balt. & Wash. R. R. Co. v. Smith, 250 U. S. 101, 39 Sup. Ct. 396, 63 L. Ed. ——, filed May 19, 1919, and Kinzell v. Chic., Mil. & St. Paul Ry., 250 U. S. 130, 39 Sup. Ct. 412, 63 L. Ed. ——, filed the same day.

The same definition, somewhat extended, is followed in Atlantic Coast Line R. R. Co. v. Woods, 252 Fed. 428, 164 C. C. A. 352. The allegations of the complaint may be imperfect, even carelessly drawn; but they appear to set up a case wherein the plaintiff, at the time the injury was caused, was engaged in repairing a railroad track as the employé of defendant, a common carrier by railroad, whose track was used for purposes of interstate transportation, and the case thus presented is one within the scope of the federal Employers' Liability Act. Should the plaintiff hereafter abandon this position, and seek to recover as if in an action at common law, independent of this statute, it may become a matter for action as indicated in Smith v. Camas Prairie Ry. Co. (D. C.) 216 Fed. 799.

The application to amend the answer is refused.