MISSOURI PACIFIC RAILROAD COMPANY *v.* HENDRIX.

Opinion delivered November 16, 1925.

1. REMOVAL OF CAUSE—EMPLOYERS' LIABILITY ACT.—Under the Judicial Code, § 28, providing that no case under the Employers' Liability Act brought in a State court of competent jurisdiction shall be removed to any court of the United States because of diversity of citizenship, a railroad company, sued for an injury to an employee alleged to have occurred in interstate commerce, cannot, on motion to remove the case to the Federal Court, raise an issue as to the injury having occurred in interstate commerce, as the character of plaintiff's action must be tested by the allegations of the complaint.

2. MASTER AND SERVANT—NEGLIGENCE AND PROXIMATE CAUSE—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to show that defendant railroad company was negligent in permitting a shaker bar in a locomotive engine to get out of repair, and that such negligence was the proximate cause of injury to plaintiff's hand when attempting to shake fire grates.

3. MASTER AND SERVANT—JURY QUESTIONS.—Whether a shaker bar on a locomotive engine is an appliance so simple in its appearance and use that there was no duty of inspection on the part of the railroad company, and whether an employee in using it assumed the risk or was negligent in using the shaker bar, *held* for the jury.

4. MASTER AND SERVANT—ASSUMED RISK—CONTRIBUTORY NEGLIGENCE. —An employee who had no opportunity to inspect tools furnished

and no choice as to what tools he would use was not chargeable with assumed risk or contributory negligence, unless danger from the use of a particular tool furnished was so obvious that a man of ordinary prudence would not use it.

5. TRIAL—DENIAL OF REQUEST FOR INSPECTION.—In an action for injury to an employee's hand, sustained in attempting to shake clinkers and ashes from the firebox of an engine, denial of defendant's request that the jury inspect a similar engine was not error, there being no statutory authority for such inspection, as Crawford & Moses' Dig., §1295, relates to inspection of real property only.

6. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—In an action for personal injuries, the element of pain and suffering is one which must be left largely to the sound judgment of the jury; and their conclusion as to the proper amount should not be disturbed unless the amount is clearly excessive.

7. DAMAGES—AWARD—EXCESSIVE AMOUNT.—Where an injury to an employee's hand caused infection, incapacitating plaintiff from performing manual labor over a period of almost two years and up to the time of trial and causing great pain, an award of $7,500 held not excessive.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman*, Judge; affirmed.

*Thomas B. Pryor* and *H. L. Ponder*, for appellant.

*W. P. Smith, Pace & Davis* and *Tom W. Campbell*, for appellee.

McCULLOCH, C. J. The plaintiff, Charles Hendrix, received personal injuries while working in the service of the defendant, and he instituted this suit to recover compensation, alleging that his injuries resulted from negligence on the part of defendant in failing to exercise ordinary care to furnish reasonably safe appliances with which he was required to work. It was alleged in the complaint that the defendant was an interstate carrier of freight and passengers, that the locomotive engine on which plaintiff was working at the time he received his injuries was in use in interstate commerce, and the right of action was predicated on the federal employers' liability act.

Defendant, in apt time, filed its application and bond for removal of the cause to the federal court on the

ground of diversity of citizenship, but the court denied the petition, whereupon defendant filed its answer denying the allegations of negligence and pleading contributory negligence and assumed risk on the part of the plaintiff, and the cause went to trial before a jury. The trial resulted in a verdict in favor of plaintiff, assessing damages in the sum of $7,500, from which judgment the defendant has duly prosecuted this appeal.

It is first contended that the judgment should be reversed because of the court's ruling in denying the petition for removal to the federal court. The federal statute (Hopkins' Judicial Code, § 28) expressly provides that no case under the employers' liability act brought in a State court of competent jurisdiction shall be removed to any court of the United States because of diversity of citizenship. This provision of the statute has been upheld by the Supreme Court of the United States in *Kansas City Southern Ry. Co.* v. *Leslie,* 238 U. S. 599. The defendant, in its petition for removal, traverses the allegations in the complaint with respect to plaintiff's injury having occurred while engaged in interstate commerce, and it is contended now by counsel that this raised an issue of fact which should have been tried by the United States District Court on a motion to remand. This argument is unsound for the reason that the character of the plaintiff's cause of action must be tested by the allegations of the complaint, and no issue of facts can be raised concerning the same except appropriate allegations of fraud on the part of plaintiff in misjoining defendants in order to defeat the right of the petitioner to remove to the federal court because of diversity of citizenship. In other words, the defendant had no right to try out the issues arising on the merits of the case for the purpose of obtaining a removal of the cause. *Southern Ry. Co.* v. *Lloyd,* 239 U. S. 496; *Frazier* v. *Hines,* 260 Fed. 874.

It is next contended that the evidence is not sufficient to sustain the verdict, in that it fails to establish negligence on the part of the defendant, and, on the contrary,

shows that the plaintiff assumed the risk and was guilty of contributory negligence which barred his right of recovery. Plaintiff, at the time of his injury, was regularly employed by defendant as engine watchman at the roundhouse at Hoxie, Arkansas, and on the night of June 16, 1922, he was sent by his foreman to take charge of an engine near Neelyville, Missouri. The engine in question was pulling a passenger train *en route* to St. Louis, and it was halted behind a wrecked freight train, and had to remain there all night. Plaintiff, pursuant to the orders of his foreman, went to Neelyville on another train and took charge of the engine to watch it during the night, and the engineer and fireman left the engine as soon as plaintiff reached it. Plaintiff received injury to one of his hands in shaking down the cinders and ashes in the engine in order to keep the fire going, and it was a part of his duty to do that. It is explained in the testimony that the fire grates are in four sections, and that each of the sections has to be shaken in order to relieve the congestion of clinkers and ashes. There is attached to each of the sections an extension called a brake staff, which extends up through the floor of the cab about ten inches, and an iron bar, called the shaker-bar, is used by attaching it to the brake-staff in order to move the grate back and forth when shaking down its contents. The allegations of negligence relate to the condition of the shaker-bar, it being alleged that it had become worn and cracked so that when in use it slipped and became disconnected from the brake-staff.

Plaintiff testified that when it became necessary for him to shake down the ashes and clinkers he attached the shaker-bar, which was four or five feet long and about two inches wide, to one of the brake-staffs and proceeded to move it, when, on account of the defective condition, it became suddenly disconnected from the staff, and his hand was thrown against the boiler and mashed. He testified that afterwards he examined the end of the shaker-bar and found that the cuff on the end of it, which served the purpose of slipping down over the end of the

staff and holding the bar in place, was worn on the underside and cracked.

According to the evidence, there was in use on some of the engines of the defendant a shaker-bar with a pin attached thereto by a chain, and there was a hole through the cuff of the bar and a corresponding one on the brake-staff, so that the pin could be inserted and the bar held secure on the staff. This was, according to the testimony, rather a recent appliance, and was only in use on some of the engines. It was not in use on the engine of which plaintiff was placed in charge. There was an allegation of negligence in failing to have any pin on the shaker-bar, but we need not determine whether or not this constituted negligence, for we are of the opinion that the evidence was sufficient to show that defendant was guilty of negligence in permitting the shaker-bar to get out of repair. There is a conflict in the testimony as to whether the worn condition of the shaker-bar was the cause of its slipping off the staff. The witness introduced by appellant testified that the more the bar was worn the further down it would work on the staff, thereby preventing slipping, but according to the testimony of plaintiff the worn and cracked condition of the shaker-bar was the cause of it becoming disconnected with the staff. This conflict must be treated as settled by the verdict of the jury, and it is sufficient to show that the defect was the proximate cause of the injury.

Counsel for defendant invoke what is generally referred to as the simple tool doctrine, and contend that the shaker-bar was an appliance or tool so simple in its appearance and use that there was no duty of inspection on the part of the master. We do not agree with counsel that the so-called doctrine, to whatever extent it has generally been applied, has any application to the facts of the present case. *C. R. I. & P. Ry. Co.* v. *Smith,* 107 Ark. 512; *Wisconsin-Arkansas Lbr. Co.* v. *Ashley,* 158 Ark. 379. It was a question for the jury to determine whether the danger arising from the defective condition of the appliance, which formed a part of a somewhat complex equip-

ment, was such that it was reasonably to be antici-
pated that injury might result. It is not for the court
to say that the simplicity of the appliance was so obvious
that an inspection for defects was unnecessary. Nor
can it be said as a matter of law that plaintiff either as-
sumed the risk or was guilty of contributory negligence.

Plaintiff testified that there was no light on the en-
gine, and that, though he could have procured his torch-
light and examined the bar before using it, he did not
consider it necessary to do so. He testified further that
the injury occurred when he attempted to shake the
first one of the grates. The evidence was sufficient to
warrant a finding that there was a discoverable defect
in the shaker-bar—a defect which could have been dis-
covered upon reasonable inspection—and the duty of
inspection rested upon the master, not upon the servant.
The standard of care in discovering defects is different
as to master and servant, and it cannot be said that the
plaintiff was guilty of any negligence or that he assumed
the risk in failing to make such an inspection as was suffi-
cient to discover the defects, whereas the evidence war-
ranted a finding that there was a failure to make such
an inspection as the master should have made.

In testing the duty of the plaintiff as to his use of
the shaker-bar in performing his labor, the fact must not
be overlooked that he was out on the road with an engine
and not only had no reasonable opportunity to inspect
the tools furnished him, but he had no choice as to what
tools he would use. Under those circumstances he is not
chargeable with the assumption of risk or contributory
negligence unless the danger from the use of the partic-
ular tool was so obvious that a man of ordinary prudence
would not use it. *Fordyce v. Edwards,* 60 Ark. 438; *L. J.
Smith Construction Co. v. Tate,* 151 Ark. 278.

There are numerous assignments of error with re-
spect to refusals to give instructions requested by de-
fendant's counsel. There is no objection made to the
charge of the court upon its own motion and on requests
for instructions made by the plaintiff. The instructions

of the court were full and complete on all branches of the case and embraced several instructions requested by the defendant. Most of the refused instructions were in conflict with settled principles of the law, and the court's ruling was correct. Others were fully covered by the court's charge. We find it unnecessary to set out these instructions in detail.

The defendant introduced as a witness Tom Harris, the chief foreman of its shops in North Little Rock, and in connection with his testimony exhibited to the jury the grates, levers, staffs and handle-bar ordinarily in use on the engines. Harris testified with respect thereto and explained to the jury the use of each part. These appliances were not from the engine on which plaintiff was working when injured, but the exhibits were merely used as illustrations to the jury in explanation of the method in which the work in which plaintiff was engaged was ordinarily performed. At the conclusion of Harris' testimony the defendant's counsel asked that the court make an order directing the sheriff to take the jury out to inspect an engine on one of the tracks in Walnut Ridge, where the case was being tried. Plaintiff's counsel then inquired whether or not the engine in question was the one on which plaintiff was hurt, and counsel replied that it was not the same engine, but that it contained the same kind of equipment. The court denied the request, and this ruling is assigned as error. We do not think, however, that there was any error committed. There is no statute providing for such an inspection, as the only statute on that subject (Crawford & Moses' Digest, § 1293) relates to inspection of real property by a trial jury in a law case. There was certainly no abuse of discretion by the court in refusing this request. It is unnecessary for us to decide whether or not it would have been a proper exercise of discretion to permit it to be done. It was certainly unnecessary to do so, and there was no prejudice in the refusal because the equipment had been fully explained and similar equipment had been exhibited to the jury.

Finally, it is contended that the verdict is excessive. According to the testimony in the case, the injury to plaintiff's hand was thought at first to be slight, and the next morning he reported to his foreman that his hand was slightly hurt, and he had it wrapped up at that time. Shortly afterwards it became infected, and according to the testimony the injury was very painful and continued to be so up to the time of the trial, and the condition of plaintiff's hand was such that he was totally incapacitated from performing manual labor. He worked for a short time in the service of defendant, but soon quit that work, and it was difficult for him to find employment. The injury occurred on June 16, 1922, and the serious condition of plaintiff's injury continued up to the time of the trial in March, 1924. Plaintiff testified that his hand was in worse condition from March, 1923, up to the time he went to the hospital in September, 1923, but began to get better then. Plaintiff was in vigorous health up to the time of his injury, and was earning more than four dollars a day, with steady employment, and on account of the injury he was totally disabled. He testified that he was only able to earn thirty or thirty-five dollars during the two years from the date of the injury up to the time of the trial, and that he was still under this disability. His hand in the damaged condition was exhibited to the jury, and was closely observed by the members of the jury. Considering plaintiff's loss of earning capacity and the pain resulting from the injury, extending over so long a period of time, we cannot say the award of damages was excessive. According to the testimony, the loss of earnings up to the time of the trial amounted to about $2,500, and the testimony reasonably warranted the inference that the loss would continue for a considerable length of time thereafter, though the injury was not permanent. The element of pain and suffering is one which must be left largely to the sound judgment of a trial jury, and the conclusion reached by the jury as to the proper amount should not be disturbed

unless the award is clearly excessive. Considering the testimony as a whole, we are unable to say that the award is excessive.

Judgment affirmed.