CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*
GLASCOCK.

4-2998

Opinion delivered May 1, 1933.

346

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.
*A. G. Meehan* and *John W. Moncrief,* for appellee.

KIRBY, J., (after stating the facts). It is first insisted that the court erred in not requiring appellees to make a cost bond upon its motion made during the trial. The motion for cost bond, however, is not shown in the record, nor that any exception was saved to the ruling of the court thereon, nor was the failure to require the giving of the cost bond set out in the motion for a new trial; and this objection therefore cannot be considered here.

In addition, the plaintiffs alleged in their complaint that they were residents of the State of Arkansas, and there was no denial thereof. The motion was not made until after the trial had been proceeded with, the jury impaneled, and part of the testimony heard; and the testimony on the point cannot be said on the whole to have established nonresidency anyway.

It is next contended that the court erred in giving appellees' requested instruction No. 1, objected to, which was written in three different paragraphs. No specific objection was made to any of them, but only a general objection was made to the instruction as a whole. At least two of the clauses are correct statements of the

law, and conceding, not deciding, the other incorrect, since the instruction was not wholly wrong, the defect should have been reached by a specific objection and not a general one. No error was committed in giving it. *Darden* v. *State,* 73 Ark. 315, 84 S. W. 507; *St. Louis I. M. & So. Ry. Co.* v. *Barnett,* 65 Ark. 255, 45 S. W. 550.

Appellant's requested instruction No. 2 contained the language that "such employee wilfully by threats or violence or by violence caused said Floyd Glascock to get off the train while it was running, etc.," submitted the same question to the jury as was objected to by appellant in appellees' said instruction No. 1; and, having concurred in the error complained of, if it was error, waived it and cannot now complain here. *St. L., S.-F. Ry. Co.* v. *Vaughan,* 88 Ark. 138, 113 S. W. 1035; *Wisconsin-Arkansas Lumber Co.* v. *Ashley,* 158 Ark. 379, 250 S. W. 874.

The undisputed testimony shows that this appellee, Glascock, and his companions were around the station at Haleyville, intending to ride free on the freight train going out of there. They acquired information from the trainmen about the time it would leave. They had seen the special agent, whose duty it was to protect the train from trespassers or persons who might break into the cars, and he had told them not to get on the train. That they had caught the train; and three witnesses testified that the special agent, by intimidation and fear by threatening to shoot them off the train, forced them to leave it at a dangerous place, and, as a result of the fall therefrom, two of the boys were very severely injured. The special agent knew where the trestle was, and the three boys, one of whom was not forced from the train, saying he could not leave it because of the trestle, notwithstanding which the special agent walked a few steps, threw his flashlight into the eyes of the other boys and forced them to jump from the train while it was moving on the trestle, and the agent knew such to be the case.

It is true he denied that he had gone on top of the train at all or made any threats or had anything to do with ejecting the boys from the train, and two other witnesses corroborated him about his having remained in

the cab of the engine all the way from Haleyville to the next station, but the jury believed the testimony of appellees, and it is ample to sustain the verdict, which is not claimed by the appellant to be excessive.

The injury having occurred within the State of Oklahoma, the laws of that State govern as to the liability, if any, but the remedy to recover damages on account of the injury must be pursued according to the law of this State where the suit was brought. *St. L.-S. F. Ry. Co.* v. *Coy,* 113 Ark. 265, 168 S. W. 1106; *St. L., I. M. & S. Ry. Co.* v. *Hesterly,* 98 Ark. 240, 135 S. W. 874.

The Oklahoma courts have held that it is unnecessary to show actual physical violence and assault to sustain an action for wrongful ejection of a trespasser and "that, if by threats and show of force he (the conductor) impels one through fear to jump from the moving train, and injury results, the master will be liable." *Folley* v. *C. R. I. & P. Ry. Co.,* 16 Okla. 32, 84 Pac. 1090; see also 52 C. J. 638-39; *Kansas City F. S. & G. Rd. Co.* v. *Kelley,* 36 Kan. 655, 14 Pac. 173; *Kline* v. *C. P. R. Co.,* 27 Cal. 400, 99 Am. Dec. 282; *Pierce* v. *North Carolina Ry. Co.,* 124 N. C. 83, 32 S. E. 399; *St. Louis-S. W. Ry. Co.* v. *McLaughlin,* 129 Ark. 377, 196 S. W. 460; see also *Missouri Pac. Rd. Co.* v. *Rodden, ante* p. 321.

We find no error in the record, and the judgment is affirmed.