NORRIS *v.* JOHNSON.

4-8842                                         218 S. W. 2d 720

Opinion delivered March 28, 1949.

948

*Ben M. McCray,* for appellant.

*Kenneth C. Coffelt,* for appellee.

ROBINS, J. Asserting that appellants, husband and wife, wilfully assaulted and injured her, appellee, Irene M. Johnson, asked damages in the lower court in the sum of $3,000. Her husband, George L. Johnson, filed separate complaint against appellants praying damages in the same amount for an assault alleged to have been committed on him at the·same time and place. The cases were consolidated for trial, which resulted in a verdict and judgment in favor of appellee Irene M. Johnson against appellants for $1,000, with no recovery for appellee George L. Johnson.

Appellants seek reversal on these grounds:

I. That the verdict is contrary to the evidence.

II. That the one instruction given by the court at the request of appellees was erroneous.

III. That the amount of the verdict was excessive.

## I.

According to the testimony of appellees, appellants came to the place of business owned by appellees and began a quarrel which culminated in appellant Cecil W. Norris, without warning or provocation, striking and knocking down George L. Johnson. Norris then got on Johnson and was beating him. Appellee Irene M. Johnson intervened and tried to pull Norris from her husband and Norris thereupon turned on her and choked her so severely that her false teeth fell out of her mouth

and she became unconscious. While this version of the affair was contradicted in some particulars by testimony given on behalf of appellants, we cannot say that there was no substantial evidence upon which the verdict could have been based.

The lower court, in numerous instructions given at the request of appellants, told the jury that if appellants were not the aggressors, or if they acted only in self-defense, there could be no recovery by appellees or either of them. The jury accepted as true the account of the difficulty as given by appellees, and the jury's finding is binding on us.

## II.

The instruction given by the court at the request of appellees was as follows: "If you find from the evidence that the defendants assaulted the plaintiffs as alleged in the complaint, without fault on the part of the plaintiffs, and that the plaintiffs were thereby injured, then your verdict should be for the plaintiffs, and in assessing plaintiffs' damages if any you find them to be due, you will assess such damages at such a sum as you may find from a preponderance of the evidence will reasonably compensate plaintiffs for their injuries sustained, if any, and for any physical pain or mental anguish plaintiffs may have or will suffer, if any, and for any loss of time from work, if any, and any doctor bills incurred or that may be incurred, if any."

Appellants argue that this instruction was erroneous because it did not require the jury to base its finding on a preponderance of the evidence.

Appellants made no specific objection to this instruction on the ground now urged, making only the objection that it was not a correct declaration of the law. This did not call the court's attention to the vice in the instruction here complained of; and was not an objection sufficient to call for reversal, even if it be held that the instruction was erroneous. *Chicago, Rock Island & Pacific Railway Company* v. *Glascock,* 187 Ark. 343.

59 S. W. 2d 602; *Phillips* v. *Turney,* 198 Ark. 364; 129 S. W. 2d 963.

Furthermore, the court gave Instructions Nos. 1 and 5, at the request of appellants as follows:

## No. 1

"You are instructed that the burden is upon the plaintiffs to prove each and every material allegation in their complaint by a preponderance, or greater weight of the testimony, and in event they fail to discharge this burden you are instructed to find for the defendants."

## No. 5

"You are instructed that before you can find for the plaintiffs in this case in any sum you must first believe from a preponderance or greater weight of the evidence that the defendants were the aggressors, or the ones who started the altercation, and unless you so find your verdict will be for the defendants."

It therefore appears that the lower court told the jury in unmistakable language that, before they would be entitled to recovery, appellees were required to prove their case by a preponderance of the testimony. No reversible error was committed by the lower court in the giving of the instruction complained of here.

## III.

At the time she claims she was assaulted by Norris, appellee, Irene M. Johnson, was more than three months advanced in pregnancy. She testified that, as a result of the alleged assault, she suffered severe pains and strain and was required to spend much of the time in bed.

We have often said the amount of damage to be awarded for personal injuries rests largely in the discretion of the trial jury. *Coca-Cola Bottling Company of Arkansas* v. *Adcox,* 189 Ark. 610, 74 S. W. 2d 771; *Missouri Pacific Railroad Company* v. *Hendrix,* 169 Ark. 825, 277 S. W. 337, 270 U. S. 651, 46 S. Ct. 351, 70 L. Ed. 781

It is only when the amount awarded is, under the testimony, so excessive as to raise a presumption that the jury fixed it as a result of prejudice, rather than from a deliberate consideration of the evidence, that we may require reduction thereof.

We cannot say that the amount of the verdict in this case is so out of proportion to the injury suffered by appellee, Irene M. Johnson, as to authorize us to interfere with the verdict on that ground.

The judgment of the lower court is affirmed.