MEEKS *v.* ZIMMERMAN.

5-367                                          266 S. W. 2d 827

Opinion delivered April 12, 1954.

504

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Henry & Long,* for appellee.

ROBINSON, J.  Frank R. and Edith B. Zimmerman, husband and wife, recovered judgments against the appellant, Ben G. Meeks, for damages sustained in an automobile collision on March 2, 1953.  There was a judgment for Mr. Zimmerman in the sum of $2,000.00 and one for Mrs. Zimmerman in the sum of $8,500.00.  On appeal appellant relies on one point, and that is the contention that the judgments are excessive.

The Zimmermans live in East St. Louis, and they both work in a chemical plant.  They have three children, and at the time of the collision Mrs. Zimmerman was 3 months pregnant.  They had been to Mardi Gras at New Orleans, and were returning to their home when the collision occurred.

As to the $2,000.00 judgment in favor of Mr. Zimmerman, viewing the evidence in the light most favorable to him, it appears that his special damages, consisting of loss of time, property damage, etc., amounts to $1,022.26. This leaves $977.74 awarded to him for pain and suffering.  It does not appear that he suffered personal injuries of any consequence.  He was not confined to the hospital for any time at all, nor does it appear that the injury, which involved his knee, was exceptionally painful.  There were no broken bones nor dislocations; in fact, there is no substantial evidence that would justify an award for pain and suffering for more than $200.00.

When this amount is added to the $1,022.26 for special damages, it makes a total of $1,222.26 and the judgment in his favor should be reduced to that sum.

In regard to Mrs. Zimmerman, she was knocked unconscious by the collision and was taken to the hospital in an unconscious condition; she was in a state of shock. Her body was swollen and sore. Her wedding ring was mashed on her finger. Her lip was torn open; her chin was cut open. She was bruised about the body and there was danger of a miscarriage as she was 3 months pregnant at the time. Her lip and chin had to be sewed up; she was confined to the hospital for 4 days and 2 additional days in the hotel before she could be removed to her home in St. Louis, where the stitches in her lip and chin were removed. She had a blood test in an effort to determine if her unborn child was injured. While in the hospital she suffered what appeared to be labor pains, and there appeared to be great danger of a miscarriage. In addition to physical pain she suffered mental anguish by reason of this condition. She has scars on her lip and chin which will be permanent unless plastic surgery is resorted to. The lip was cut all the way through. Lipstick irritates the damaged condition of the lip; therefore she cannot use cosmetics of that kind. She has difficulty in eating, especially soup. She was nauseated for weeks and on vomiting tore open her lip. She has difficulty in pronouncing certain words and has a hard knot in the scar on her chin. She was confined to her bed continuously for 3 weeks, and at the time of the trial, which was held on July 24, 1953, had been in bed off and on since the date of the injury.

For these injuries she was awarded $8,500.00. Twelve jurors arrived at the verdict for that sum in a trial that appears to have been absolutely fair in every respect. In *Norris* v. *Johnson,* 214 Ark. 947, 218 S. W. 2d 720, this court said: ''We have often said the amount of damage to be awarded for personal injuries rests largely in the discretion of the trial jury. . . . It is only when the amount awarded is, under the testimony, so excessive as to raise a presumption that the jury fixed

it as a result of prejudice, rather than from a deliberate consideration of the evidence, that we may require reduction thereof.''

In *Coca-Cola Bottling Co. of Arkansas* v. *Adcox*, 189 Ark. 610, 74 S. W. 2d 771, it is said: ''The measure of damages for a physical injury to the person may be broadly stated to be such sum, so far as it is susceptible of estimate in money, as will compensate plaintiff for all losses, subject to the limitations imposed by the doctrines of natural and proximate consequences, and of certainty, which he has sustained by reason of the injury, including compensation for his pain and suffering, for his loss of time, for medical attendance and support during the period of his disablement, and for such permanent injury and continuing disability as he had sustained. Plaintiff is not limited in his recovery to specific pecuniary losses as to which there is direct proof, and it is obvious that certain of the results of a personal injury are insusceptible of pecuniary admeasurement, from which it follows that in this class of cases the amount of the award rests largely within the discretion of the jury, the exercise of which must be governed by the circumstances and be based on the evidence adduced, the controlling principle being that of securing to plaintiff a reasonable compensation for the injury which he has sustained.''

In *Missouri Pacific Railroad Co.* v. *Hendrix*, 169 Ark. 825, 277 S. W. 337, it is said: ''The element of pain and suffering is one which must be left largely to the sound judgment of a trial jury, and the conclusion reached by the jury as to the proper amount should not be disturbed unless the award is clearly excessive.''

Considering the testimony as a whole, we are unable to say that the award to Mrs. Zimmerman is excessive, and the judgment in her favor is affirmed. The majority of the court is of the opinion that the judgment in favor of Mr. Zimmerman should be reduced to $1,222.26. Mr. Justice MILLWEE is of the opinion that neither judgment is excessive and Mr. Justice WARD is of the opinion that

the judgment in favor of Mrs. Zimmerman as well as the judgment in favor of Mr. Zimmerman is excessive.

If within 15 judicial days, a remittitur of $777.74 is entered by Mr. Zimmerman, his case is affirmed. Otherwise his cause is reversed and remanded for a new trial.