Pfeifers of Arkansas *v.* Rorex.

5-813                    286 S. W. 2d 1

Opinion delivered January 23, 1956.

*House, Moses & Holmes,* for appellant.

*Wood & Smith,* for appellee.

Lee Seamster, Chief Justice. The appellee, Mrs. Albert Rorex, brought this action against appellant, Pfeifers of Arkansas, to recover damages for physical injuries which she alleged she sustained as the result of a fall she suffered while a customer in appellant's department store in Little Rock, Arkansas, on October 25, 1954.

The negligence alleged in this case was the failure on the part of the appellant to exercise ordinary care to maintain its premises in a reasonably safe condition in that appellant had knowledge of but carelessly and negligently failed to remove a slick substance from the floor of its store or warn its visitors and customers of the presence thereof. The appellee further contends that while in the exercise of due care and regard for her own safety, she slipped on this slick substance and fell to the floor suffering serious physical injury.

The appellant's answer was a general denial of the allegations of the complaint and a plea of contributory negligence on the part of the appellee. This cause was tried in the Pulaski Circuit Court, Second Division, on May 16, 1955, resulting in a verdict and judgment in favor of appellee, in the sum of $5,000.

For a reversal of the trial court's judgment, appellant lists the following three points: (1) the trial court erred in refusing to direct a verdict for the appellant. The finding of the jury that defendant was negligent was contrary to the evidence, and there was no negligence as a matter of law; (2) the trial court erred in admitting the testimony of witness C. V. Lugar concerning certain statements allegedly made by an employee of the appellant; and, (3) the damages awarded by the jury were grossly excessive and there was no substantial evidence to support the amount of the verdict.

The testimony of appellee disclosed that on the occasion of the injury she entered appellant's store for the purpose of purchasing merchandise. She purchased several articles and was walking down the aisle of appellant's store when her right foot came in contact with a slippery substance on the floor, she slipped and turned completely around and fell to the floor. The appellee contended that she remained on the floor for about ten or twelve minutes since the employees of appellant would not allow her to move from her position after the fall in fear that she might have been seriously injured. Appellee further testified that this fall caused severe pain in the region of her left hip whereby appellant sent her in an ambulance to the Arkansas Baptist Hospital and she remained in the hospital for a period of 41 days after the fall. A period of three weeks elapsed, after she was admitted to the hospital, before she was able to walk and then only by holding to the back of a wheelchair.

The appellee further testified that after her release from the hospital it became necessary that she remain in Little Rock for a period of ten days in order to secure further treatments. On her return home, she could only move about her home by holding to furniture and other

objects. The appellee insists that the affected area was painful for a period of approximately seven months after the injury.

Dr. James W. Shuffield, a witness on behalf of appellant, testified that he examined the appellee on the date of the alleged injury and found her suffering from a bruised hip, strained muscles inside the right thigh and upper joints and muscular strain in the lower part of the back, with sensitivity of the bone utilized in sitting. Dr. Shuffield further testified that in his opinion, based solely upon objective findings, the appellee did not suffer any permanent disability by reason of the accident and could have been discharged from the hospital on or about November 8, 1954. The testimony revealed that subjectively the appellee's progress of recovery after the accident was very slow and the objective findings made by the doctor are those findings that can be revealed by X-ray or other visible means and are not by any means tantamount to a finding that appellee had completely recovered from the injury and had been restored to good health.

C. V. Lugar, a witness on behalf of appellee, testified that he was a customer in appellant's store on the day of the accident and saw the appellee slip and fall on some form of greasy substance on appellant's floor. Mr. Lugar further testified that immediately after this accident, he overheard an employee of appellant make a statement to the effect that the substance should have been removed from the floor before somebody slipped and fell. This statement was made approximately thirty seconds after the accident. At the time of the accident, Mr. Lugar was standing about ten feet in front of the spot or substance on which the appellee slipped and fell. Lugar further testified that he saw the woman who made this statement and presumed that she was an employee of appellant since she initially came out from behind a counter near the aisle and later, after issuing this statement, she went back in behind the counter.

Several of the witnesses for the appellant testified that shortly before the accident in which the appellee

slipped and fell to the floor, another customer had dropped a package on the floor of the aisle. When the package made contact with the floor its contents broke and an unidentified liquid substance seeped through the brown paper sack onto the appellant's floor. Most of these witnesses testified that only a short interval elapsed between the time the liquid seeped onto the floor and the time the appellee slipped on this substance and fell to the floor. No explanation was given as to what disposition was made of the brown paper sack nor as to identification of the woman who allegedly dropped the sack.

Mrs. Bernice Stein, one of appellant's employees, testified that she was standing behind a counter at a distance of about three or four feet from the spot where the unidentified woman dropped the package. Her attention was called to the incident when she heard a crash and saw this woman picking up a sack, with fluid seeping through the sack onto the floor. Mrs. Stein testified that she immediately proceeded to notify the department manager of the incident so that a porter could be procured to clean up the substance that was spilled on the floor.

Initially, the appellant contends that the court erred in refusing to direct a verdict for the defendant; the finding of the jury that defendant was negligent was contrary to the evidence and there was no negligence as a matter of law. None of the trial courts instructions are attacked by the appellant. The appellant insists that appellee offered no evidence whatsoever to prove her allegations of negligence on the part of the appellant nor did appellee offer evidence tending to show how the liquid had gotten on the floor or how long it had been there. The evidence reveals that appellee was a customer and was injured by a fall on some unidentified slippery substance while shopping in appellant's store. It was definitely established that there was a slick substance on the appellant's floor which precipitated the fall, and its presence was known by appellant's employees before appellee slipped on this substance and fell to the floor. The length of time the substance had been on the floor, how it got there, the sufficiency of care exercised by appellant's

employees after admitted notice, all were subject of conflicting versions and were properly submitted to the jury. It was in the province of the jury to decide whether the appellee exercised such care for her own safety as a person of ordinary prudence would have exercised under like circumstances. That is what the law required of appellee, and all that it required; and whether or not she did that was a question of fact to be determined by the jury from all the evidence. *Menser* v. *The Goodyear Tire and Rubber Co.,* 220 Ark. 315, 247 S. W. 2d 1019.

The appellant next contends that the trial court erred in admitting the testimony of witness C. V. Lugar, concerning certain statements allegedly made by an employee of the appellant. Lugar testified that immediately after Mrs. Rorex fell, a store employee stated, in substance, that the floor should have been cleaned up before somebody slipped and fell. We think that this statement was a spontaneous declaration uttered at the time of the occurrence of the accident and was clearly admissible as a part of the *res gestae.* It is not easy, always, to determine when a declaration is a part of the *res gestae.* It is dependent upon the particular circumstances under which the declaration is made. The circumstances of this case, both in point of time and in causal relation to the main transaction, bring it within the doctrine which admits the declaration in evidence as a part of the transaction itself. It is certain that the declaration was made immediately in point of time after the happenings of the accident; and that the declaration itself was the spontaneous emanation born of the excitement of the moment. See *Beal-Doyle Dry Goods Co.* v. *Carr,* 85 Ark. 479, 108 S. W. 2d 1053, and cases cited therein.

Finally, the appellant contends that the damages awarded by the jury to appellee were grossly excessive and there was no substantial evidence to support the amount of the verdict. The jury returned a verdict for $5,000, but we do not think it can be said to be excessive. The jury had before it evidence of a substantial nature that appellee's health, which had been good before the injury, changed to a sudden and prolonged pe-

riod of disability. A transition from good health to a condition of disability is itself of probative value.

We have often said the amount of damage to be awarded for personal injuries rests largely in the discretion of the trial jury. Many aspects of personal injury are difficult to compensate in monetary damage. It is only when the amount awarded is, under the testimony, so excessive as to raise a presumption that the jury fixed it as a result of prejudice, rather than from a deliberate consideration of the evidence, that we may require reduction thereof. In *Missouri Pac. R. Co.* v. *Hendrix,* 169 Ark. 825, 277 S. W. 337, this court said: ''The element of pain and suffering is one which must be left largely to the sound judgment of a trial jury and the conclusion reached by the jury as to the proper amount should not be disturbed unless the award is clearly excessive.'' Also see *Meeks et al.* v. *Zimmerman et ux,* 223 Ark. 503, 266 S. W. 2d 827; *Coca-Cola Bottling Co. of Arkansas* v. *Adcox,* 189 Ark. 610, 74 S. W. 2d 771, *Norris* v. *Johnson,* 214 Ark. 947, 218 S. W. 2d 720.

We cannot say that the amount of the verdict in this case is out of proportion to the injury suffered by appellee, Mrs. Albert Rorex, as to authorize us to interfere with the verdict on that ground.

The judgment of the trial court is affirmed.