HUNT v. HURST.

Opinion delivered March 1, 1926.

1. MASTER AND SERVANT—INJURY FROM USE OF SIMPLE TOOL—JURY QUESTION.—Where an employee, in using a hatchet which his foreman told him to use, lost an eye by reason of a splinter from the head of the hatchet, proof that the hatchet had a "mushroomed" face, but the defect was not discoverable by casual observation on account of oil and dirt on the hatchet, held to make a case for the jury.

2. MASTER AND SERVANT—LIABILITY IN USING SIMPLE TOOL.—An instruction which would relieve a master in all cases from liability to a servant where the instrument with which he was injured was a common or simple tool was properly refused.

3. MASTER AND SERVANT—DUTY TO FURNISH SAFE TOOLS.—An instruction to the effect that it is the duty of a master to use reasonable care to furnish safe tools to his servant, and that if the master furnished a defective hatchet whose condition was not discoverable by the servant in the exercise of reasonable care, the master would be liable, held to be correct.

4. APPEAL AND ERROR—HARMLESS ERROR—CONFLICTING INSTRUCTIONS.—It is no ground for objection to an instruction which is a correct declaration of the law that it conflicted with instructions which were more favorable to appellant than they should have been.

Appeal from Ouachita Circuit Court; L. S. Britt, Judge; affirmed.

T. J. Gaughan, J. T. Sifford, J. E. Gaughan and E. E. Godwin, for appellant.

Jones, Ragsdale & Matheny, Harry E. Meek and L. B. Smead, for appellee.

SMITH, J. Appellee was employed by appellant as a common laborer in constructing a derrick to be used in drilling for oil. He was what was known, in oil field parlance, as a "roustabout," it being his business to help do whatever was required to be done. He had worked in a similar capacity for several oil companies. One morning, about an hour after appellee commenced work, he was directed by his foreman to take a hatchet, which was lying on the derrick floor, and nail a brace on the jack-post. Appellee picked up the hatchet and some twenty-penny nails, which were about five inches long, and got a piece of board 2x12, about a foot and a half long, for a brace, and started to nail the brace to the jack-post. He had driven one nail completely up in the brace, and started to drive another, and, as he struck the nail, something hit him in his left eye. The injury to his eye was very painful, and as a result of this injury the eye was later removed.

There was no other hatchet about the derrick, and appellee used it at the direct command of his foreman to drive the nail. The testimony shows that the hatchet had been used until it had become slightly "mushroomed," as the witnesses expressed it, on the face used in striking nails, but the face of the hatchet was dirty and covered with oil so that its condition would not be observable except upon inspection. Appellee had never used the hatchet before, and had been using it about a minute when he was injured. The defect in the hatchet had not therefore developed through his use of it. The foreman, later inspected the hatchet, and found that a piece about as large as a match head had been recently broken off the face of the hatchet used in driving nails, and on further inspection the foreman discovered that the nail appellee was driving at the time of his injury was in good condition, and no part of the nail had been broken off.

Appellee recovered a judgment to compensate this injury, which is not complained of as being excessive, and this appeal is prosecuted to reverse that judgment.

The chief insistence for the reversal of the judgment is that a verdict should have been directed in appellant's favor, under the facts stated, for the reason that the hatchet was a tool of such simple construction that there was no duty of inspection. In other words, appellant invokes what is called the simple tool doctrine, and insists that, as applied to the facts in this case, there is no liability for appellee's injury.

In the case of *Arnold* v. *Doniphan Lumber Co.*, 130 Ark. 486, we said: "This doctrine (simple tool), as such, has never had recognition by this court; yet the principles upon which that doctrine is based have been recognized in a number of decisions of this court. That is, the simplicity of a tool, and the skill or lack of it required in its use, have been treated as questions to be considered in determining the degree of care to be used by the master in the selection of such tools for the pur-

poses of his servant, and of the directions and instructions which should be given the servant in its use.''

A case very similar to the instant case is that of *Chicago, R. I. & Pac. Ry. Co.* v. *Smith,* 107 Ark. 512. The servant, who had there sued for an injury he had sustained, alleged that he was injured by the use of a hammer having a defective striking face, and it was there insisted on behalf of the master that the hammer was a simple instrument, which the master was not required to inspect, and that the verdict should, on that account, have been directed in the master's favor. In affirming the judgment which the servant recovered the court said: ''There is no hard and fast rule that may be laid down as governing the liability of an employer for a defect in common tools. In view of this condition, we do not undertake to say what state of facts the rule of liability should embrace, and what state of facts it should not.'' After stating that the servant was not permitted to make his own choice of tools, the court further said: ''It can not be said, as a question of law, that the defect in the face of the hammer was so open and obvious that they could have seen the defect by a glance or by such casual observation as it would be natural for plaintiff to have made * * *.''

So here, while it is not disputed that the hatchet was a simple tool, it is undisputed that appellee had no choice in its selection, but was directed by his foreman to use the only hatchet at the derrick, and was injured within a minute after he commenced its use. The hatchet was defective, in that it had a ''mushroomed'' face, and on account of the oil and dirt on the hatchet the defect was not discoverable by a casual observation. Under these circumstances, it is the opinion of the majority—in which the writer and Justice HART do not concur—that the case made was one for the jury, and no error was committed in refusing to direct a verdict for the defendant. *Royal* v. *White Oil Corporation,* 160 Ark. 467; *Wisconsin & Ark. Lbr. Co.* v. *Ashley,* 158 Ark. 379; *Ark. Central R. Co.* v. *Goad,* 136 Ark. 467; *Arnold* v. *Doni-*

*phan Lbr. Co.*, 130 Ark. 486; *Fordyce Lbr. Co.* v. *Lynn*, 108 Ark. 377; *Chicago, R. I. & Pac. R. Co.* v. *Smith*, 107 Ark. 512.   See also *Marcum* v. *Three States Lbr. Co.*, 88 Ark. 36.

Appellant requested an instruction numbered 5 reading as follows: "You are instructed that a master is not required to inspect the common tools and appliances which are committed to the custody of a servant who has the capacity to understand their character and uses. Therefore you are told that if you believe from the evidence that, if plaintiff has the mental capacity to understand the character and use of the hatchet, then he cannot recover, and your verdict should be for defendant."

The court modified this instruction by striking out the second paragraph thereof, and gave the first paragraph as an instruction in the case, and appellant excepted to this action.

It is the opinion of the majority that no error was committed in modifying the instruction.  The part given was more favorable to appellant than it should have been, and the last paragraph would, in effect, have directed a verdict for appellant.  The instruction as asked would relieve the master in all cases from liability to the servant if the tool with which the servant was injured was a common tool, and this doctrine has not, as we have said, been adopted in this State.

The court gave, over the objection of appellant, the following instruction: "1. You are instructed that it was the duty of the defendant to exercise reasonable care in furnishing the plaintiff reasonably safe tools with which to work, the defendant being required in such respect to exercise the same degree of care and caution which would have been exercised by an ordinary prudent man under the same circumstances.  And if you find from a preponderance of the evidence in this case that the hatchet furnished plaintiff for use in the performance of his duties was in a defective or dangerous condition, which condition would have been discovered by the employer in the exercise of ordinary care, and if you

find that such defective or dangerous condition was not apparent to the plaintiff, and would not have been discovered by him in the exercise of reasonable care for his own safety, and if you further find that the plaintiff suffered an injury on account of such alleged defective condition of the hatchet, then you are told that the defendant was guilty of negligence. In other words, it is for you to determine whether the defendant was under obligation to inspect the hatchet in question before delivering it to plaintiff to be used by him; you being instructed that the duty of the defendant under such circumstances was to act as an ordinarily prudent man would have done under similar circumstances.''

This instruction presented the theory of the plaintiff in the case upon which a recovery was sought and was sustained, and the objection to the instruction is that the duty to use reasonable care to furnish reasonably safe tools does not apply to a tool as simple as a hatchet. But what has already been said disposes of that objection, for negligence may, in a proper case, be predicated upon this omission, the simplicity of the tool being in all cases a proper circumstance for the jury to consider in determining what, if any, duty the master should perform in regard to the inspection, but not conclusive of the fact that there was no such duty.

The instruction last set out was also objected to on the ground that it was in conflict with other instructions given at the request of appellant to the effect that there was no duty of inspection. But these instructions were more favorable to appellant than they should have been, and, as the instruction set out is a correct declaration of the law, there was no prejudicial error in the fact that it conflicted with the instructions which were more favorable to appellant than they should have been. *Clark v. Pickler,* 168 Ark. 818.

No error appears, so the judgment is affirmed.