METROPOLITAN LIFE INSURANCE COMPANY *v.* STEWART.

4-3345.

Opinion delivered February 19, 1934.

*Moore, Gray, Burrow & Chowning,* for appellant.
*W. G. Dinning,* for appellee.

HUMPHREYS, J. Appellee instituted suit against appellant in the circuit court of Phillips County to recover double indemnity under a life insurance policy issued by appellant to her husband on December 28, 1925, in which she (appellee) was the sole beneficiary. The contract provided for double indemnity in case of the accidental death of the insured during the life of the policy.

On August 9, 1931, the insured was shot and killed in Kilgore, Texas, without fault on his part.

Appellant filed an answer, denying liability under the double indemnity clause of the policy, on the ground that the insured failed to pay the monthly premiums of $4.48 accruing on and after January 28, 1931, until his death. It was alleged in the answer that the insured defaulted in the payment of the premiums and failed to designate either one of three nonforfeiture options in paragraph 9 of the policy, thereby automatically converting the policy, carrying a double indemnity of $4,000, into a nonparticipating, paid-up, endowment insurance policy of $293, for which amount appellant offered to confess judgment. Paragraph 9 provided for three options on the part of the insured after default in the payment of any monthly premium, which he might exercise in three months after default, provided he had theretofore paid all the premiums for two full years. The options were to take the cash surrender value, or a paid-up, non-participating, endowment insurance policy, or a non-participating, paid-up, term insurance policy. The paragraph containing the options was set out in full in the answer. The following clause in the policy was also set out in the answer:

"In the event of default in the payment of any premium, after premiums for two full years shall have been paid on this policy, if the owner or the assignee of record, if any, shall not avail himself of one of the foregoing options, in the manner hereinbefore provided, within three months after the due date of the premium in default, this policy will be continued by the company, for a reduced amount of non-participating paid-up endowment insurance, as provided under option (b) above."

The cause was submitted upon the pleadings and testimony adduced, resulting in a verdict and consequent judgment for $3,000, from which is this appeal. When the evidence was concluded, appellant requested the court to instruct a verdict for it on the theory that, as the undisputed evidence showed that the insured made default in the payment of premiums for more than three months before he was killed, and that, under the terms of the option clause contained therein, the policy was automatically converted into a non-participating, paid-up, endowment insurance policy, amounting to $293 instead of $4,000, provided for in the indemnity policy. This request for a peremptory instruction overlooks or omits to take into account the provisions of the policy relative to annual distributions of divisible surplus. The policy contains the following paragraph:

"This policy is a participating contract while in force as a premium-paying policy, and the company will annually, as of the 31st day of December of each year, ascertain and apportion any divisible surplus accruing thereon. Such divisible surplus will be payable on the next anniversary of this policy following the next succeeding thirteenth day of April, etc."

The undisputed testimony reflects that the premiums had been paid for full five years and one month, and that one year only of the divisible surplus or profits provided for in the policy had been allocated to the insured, or, at least, no notice of the balance due him out of the divisible surplus or profits had been sent to him. These paragraphs must necessarily be read together in connection with the option paragraphs in order to properly construe them, and, when read together, mean that, before the policy would be converted automatically from a profit-participating into a nonparticipating, paid-up, endowment insurance policy for a nominal sum on account of the failure to pay premiums for three months, appellant should ascertain the amount due the insured out of the divisible surplus, so that it might be applied to the payment of the monthly premiums, and thereby prevent a lapse of the policy. These provisions in the policy must be construed

as a harmonious whole and, in the light of the rule consistently announced by this court to the effect that insurance companies must not allow policies to lapse for the nonpayment of premiums when they have sufficient funds in their hands to pay the premiums. *Security Life Insurance Company* v. *Matthews,* 178 Ark. 775, 12 S. W. (2d) 865, and cases cited therein. The same rule was announced in the recent case of *Illinois Bankers' Insurance Company* v. *Wilken,* 187 Ark. 337, 59 S. W. (2d) 1046. The proper construction of the various paragraphs in the policy quoted above is that appellant cannot put the insured to an election of options upon failure to pay premiums for three months after default in the payment of any premium until it first ascertains the profits or dividends due the insured which might be used to pay premiums, and after notification to him of the amount. The burden was upon appellant to show that the divisible surplus in its hands was insufficient to pay the monthly premiums to keep the policy alive during the lifetime of the insured. It not only failed to do this and to notify the insured of the amount thereof, but, when asked on the trial of the cause to reveal the amount, it failed to do so. Under these circumstances, and under the interpretations placed upon the clauses when read together, the trial court would have been warranted in presuming that the profits due the insured were sufficient to pay all the premiums until he was shot or killed, and in instructing a verdict for appellee. The court did not therefore err in refusing to instruct a verdict for appellant.

Appellant also contends for a reversal of the judgment because the court submitted the case on erroneous instructions which were conflicting. Appellee was entitled to an instructed verdict on the undisputed evidence in the case; hence no prejudice resulted to appellant on account of the instructions, although they might have been erroneous and conflicting. *Beene Motor Co.* v. *Dison,* 180 Ark. 1064, 23 S. W. (2d) 971; *Hunt* v. *Hurst,* 170 Ark. 644, 280 S. W. 652.

Appellant also contends for a reversal of the judgment because the court admitted testimony relative to a different policy issued by appellant to appellee's insured,

to the effect that said policy was not converted into a non-participating endowment policy. This testimony was introduced for the purpose of contradicting the testimony introduced by appellant to the effect that all policies of this kind issued by appellant were converted into paid-up insurance policies at the expiration of three months from default in the payment of a premium. The court did not err in admitting the testimony for this purpose.

No error appearing, the judgment is affirmed.

SMITH, J., dissents; McHANEY, J., concurs.